### In re LOO YUE SOON.

(District Court, N. D. California. May 9, 1894.)

#### No. 10,978.

On Habeas Corpus. Report of special referee and examiner, recommending discharge of Loo Yue Soon. Report set aside, and not confirmed, and Loo Yue Soon remanded. See preceding case of In re Yee Lung, 61 Fed. 641.

Charles L. Weller, for Loo Yue Soon.

Charles A. Garter, U. S. Atty.

MORROW, District Judge. This is a petition in the usual form, presented by Luck Chu Kee, a Chinaman, on behalf of a countryman, Loo Yue Soon. It appears that the latter was a passenger, and is detained on board the steamship Peru, by the master, on the ground that Loo Yue Soon is not entitled to land, and come into the United States, under the acts of congress relating to Chinese immigration. It is alleged that Loo Yue Soon is a merchant, and a member of the firm of Cum Lung & Co., No. 727 Sacramento street, San Francisco; that he went to China on the steamer Rio de Janeiro, January 14, 1893. The petitioner, Luck Chu Kee, claims to be a partner of the detained passenger, and signs his name to the petition, in English, as "Luck Chu Kee;" but in the testimony his name appears as "Jew Kee," and in the list of partners, which he gives in his testimony, his name is given as "Look Jew Kee." The Chinaman on whose behalf the petition for habeas corpus is presented also appears under different names. He is identified in the testimony relating to the partners as "Loo Yone Soon." If these discrepancies are merely errors arising in the transcribing of the stenographer's notes, they should, of course, be disregarded, but the testimony is otherwise unsatisfactory. Loo Yue Soon testifies that he does not speak English. Belongs to the store of Cum Lung, general merchandise, 727 Sacramento street. Has been a member since 1881. Went to China, January 14, 1893, on the steamship Rio de Janeiro. Has 25 partners. His inter-

est is $1,000; capital of the firm, $26,200. Was a salesman, buying and selling. Engaged in no other business during the year previous to his departure for China. Is married, and has a wife in China, and has also the name of "Loo Shew Lee." H. H. Adams, an attorney at law, with J. N. E. Wilson in the mining business, thinks he knows Loo Yue Soon. Saw him two or three times at the store, and at the office of Wilson & Bert. Thinks Loo Yue Soon was a partner, but does not name any firm with which he thinks he was connected, and does not identify any fixed place of business, where Loo Yue Soon conducted business in his own name or otherwise. H. C. Warren, with Wilson & Bert, testifies that he has seen Loo Yue Soon at the office of Wilson & Bert, and he thinks he has seen him in Chinatown. Saw him under the same circumstances as the preceding witness. Jew Kee, who signs the petition as "Luck Chu Kee," claims to be a partner of Loo Yue Soon; produces a partnership book and gives the names of 25 partners; his own name, as "Look Jew Kee;" and the name of the Chinaman whose landing is the subject of the present inquiry as "Loo Yone Soon." The list of partners was written in English in the book a little over a month ago. The names of the partners, and the amount of the capital invested by each, was written about twelve years ago. Firm name is "Cum Lung & Co." "Cum" means "gold." "Lung" means "business." The addition of "& Co." is English.

I do not find it established by the testimony of two credible witnesses, other than Chinese, as required by section 2 of the act of November 3, 1893, that Loo Yue Soon was engaged in this country in buying and selling merchandise, at a fixed place of business, for one year previous to his departure from the United States. Nor do I find, by the same character of testimony, that Loo Yue Soon, during the period named, conducted the business of a merchant in his own name. Nor is it established in like manner that the Chinaman named did not engage in the performance of any manual labor, except such as was necessary in the conduct of his business as such merchant.

My attention is called to the fact that Loo Yue Soon departed from the United States prior to the passage of the act of November 3, 1893; and it is claimed, therefore, that he is not required to furnish the testimony required by that act. It is contended that the act applies only to such Chinese persons as shall depart from the United States after the passage of the act. I find nothing in the language of the statute to justify such an interpretation of its provisions. The whole of the act appears to have gone into operation on the date of its approval, and I must hold that section 2 applies as well to those who departed from the United States prior to its passage as it does to those who departed after that date. Let Loo Yue Soon be remanded to the custody from whence he was taken.